IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEONNE R. NEW-HOWARD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ERIK SHINSEKI, SECRETARY | : | |
| DEPARTMENT OF VETERANS AFFAIRS, | : | |
| *et al.* | : | NO. 09-5350 |

MEMORANDUM

Fullam, Sr. J.                                                  August 2, 2010

        Hired by the Department of Veterans Affairs ("VA") in 1983, and originally removed from duty in 1988, the plaintiff has been litigating her employment status ever since. After numerous administrative proceedings and several federal lawsuits, the Merit Systems Protection Board ("MSPB"), by decision dated July 11, 2005, ordered the VA to return the plaintiff to duty as of August 15, 2005. Unfortunately, the resumed employment relationship did not last long.

        According to the plaintiff's amended complaint, one day after returning to duty, the plaintiff requested leave time to care for her husband. The plaintiff submitted a series of requests, encompassing the period from August 16, 2005 to October 4, 2005, and then the period from October 5, 2005 to "unknown." Amended Complaint at ¶ 89. Leave requests were pursued into 2006, and although some of the leave requests were approved, the VA took the position that leave procedures had not been followed

for other requests.  Id. at ¶ 94.  By letter dated June 30, 2006 the plaintiff was removed from her position effective July 9, 2006.  Id. at ¶ 102.  The plaintiff challenged her removal by filing a petition for enforcement of the July 11, 2005 decision. Id. at ¶ 111.  After the MSPB affirmed a ruling in favor of the VA, the plaintiff filed this lawsuit, naming the secretary of the VA, the chairman of the MSPB, and the MSPB, in a *pro se* complaint that is not always clear as to the claims being asserted.  The defendants have filed a motion seeking dismissal of some claims and parties, but conceding that certain claims against the VA may proceed.  The plaintiff has filed an opposition.

Based upon the opinions filed in earlier court cases and administrative proceedings, I have no difficulty in concluding that the plaintiff has fully litigated, or has had the opportunity to fully litigate, all claims regarding her employment before her return to duty on August 15, 2005.  The plaintiff did not file a petition for review of the MSPB's July 11, 2005 final decision resolving the earlier claims, and cannot do so now.  Therefore, all such claims will be dismissed.  This ruling does not preclude the plaintiff from presenting evidence that the prior disputes affected the VA's handling of her employment status after August 15, 2005, or that the relief she obtained in the earlier proceedings (such as accrued leave time) entitled her to the leave sought after August 15, 2005.

I will also dismiss all claims against the MSPB and its chairman. The plaintiff has appealed from a decision of the MSPB upholding the plaintiff's removal from employment; in such circumstances the employing agency is the proper defendant. 5 U.S.C. § 7703(a)(2). To the extent the plaintiff asserts claims against the MSPB or its chairman for constitutional violations, violations of 42 U.S.C. § 1981, the Rehabilitation Act, or violations of Title II or Title VII of the Civil Rights Act of 1964, these claims must be dismissed for failure to state a claim upon which relief may be granted. The VA is the proper defendant in this case.

Finally, upon reviewing the remaining claims against the VA, I conclude that the plaintiff should be afforded the opportunity to develop her case through discovery, with more specific rulings as to viable causes of action left to another day.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,    Sr. J.